IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SURRECKLE ANDERSON                                                    PLAINTIFF

VS                                        CIVIL ACTION NO.: 3:12CV511 HTW-LRA

UNITED STATES OF AMERICA,
DEPARTMENT OF HEALTH &
HUMAN SERVICES, DR. ARENIA
C. MALLORY COMMUNITY
HEALTH CENTER, INC. and
JOHN & JANE DOES 1-15                                                 DEFENDANTS

## COMPLAINT
### (JURY TRIAL DEMANDED)

COME NOW, the above-named plaintiff, by and through the undersigned counsel of record, and files this, her Complaint, against the United States of America, Department of Health & Human Services (hereinafter referred to as "DHHS"), Dr. Arenia C. Mallory Community Health Center, Inc. and John & Jane Does 1-15, and would show unto this Court in support thereof, the following:

PARTIES

1.

Plaintiff Surreckle Anderson is an adult resident citizen of Tchula, Holmes County, Mississippi.

2.

Defendant Dr. Arenia C. Mallory Community Health Center, Inc. (hereinafter referred to as "Mallory CHC") is a medical clinic providing low-cost healthcare to the residents of Holmes, Carroll, Madison, and Leflore counties and the surrounding communities. It is funded by the federal government and is a contractual agent of the U. S. Department of Health and Human

Services. The Mallory CHC may be served with the process of this court by serving its Chief Executive Officer (CEO), Stellanda Davis-Cornelius, at its headquarters located at 17280 Hwy. 17 South, Lexington, Holmes County, Mississippi 39095.

3.

Defendant United States of America, Department of Health and Human Services, is sued directly for its own negligent acts and omissions, and for the acts and omissions of its clinic, Dr. Arenia C. Mallory Community Health Center, Inc. and/or its agents, servants, representatives, employees, and/or independent contractors pursuant to the doctrine of *respondeat superior*. Defendant United States of America, Department of Health and Human Services may be served by effecting service of process upon the Honorable Gregory Davis, United States Attorney for the Southern District of Mississippi, at his business office of 501 E. Court Street, Suite 4.430, Jackson, MS 39201.

4.

Defendants John and Jane Does 1-15 are persons or entities whose identities and/or addresses are unknown to the plaintiffs at this time after diligent search and inquiry, but who are believed to be parties negligently giving or failing to give treatment to Plaintiff Surreckle Anderson, and causing injury to the plaintiff. These defendants will be added by amendment when ascertained.

JURISDICTION AND VENUE

5.

Jurisdiction in this matter is invoked pursuant to 28 U.S.C., Section 2671 et seq. and Section 1346(b), also known as the Federal Tort Claims Act (FTCA.). Venue is proper pursuant to 28 U.S.C., Section 1402(b).

6.

At all times material hereto, Plaintiff has satisfied all conditions precedent to prosecution of this action in this Court, including the timely filing of Standard Form 95 with the Department of Health and Human Services. Plaintiff's claim was filed on May 3, 2010, and was subsequently denied in a final determination dated June 27, 2011. Thereafter, on or about December 20, 2011, Plaintiff filed a request for reconsideration of the final determination. This request for reconsideration of the final determination was also denied in a letter dated January 26, 2012.

STATEMENT OF FACTS

Negligence of Defendants

7.

From January 2008 until January 2009, the plaintiff was treated by Dr. Rhonda Boles, a physician employed at the Mallory CHC, for ear aches, pain and swelling in her left ear. During the course of her visits to the Mallory CHC, no x-rays were performed nor referrals for additional treatment were ever given. Instead, the plaintiff was repeatedly told that she had either fluid in her ear or an inner ear infection. In January 2009, the plaintiff presented to the Lexington Primary Care clinic for pain in her ear. Thereafter, Plaintiff was referred to the Greenwood ENT and Allergy Clinic, where she was then referred to Dr. Thomas Eby at the University of Mississippi Medical Center for surgery.

8.

On or about January 6, 2009, Plaintiff Anderson underwent an examination of the left external ear canal under anesthesia with a biopsy of the left external ear canal mass. Her postoperative diagnosis was a left external ear canal and a mastoid mass.

9.

Since her surgery the plaintiff has experienced asymmetry of the lips and forehead, and has twitching of her eyelids on the left. She has been informed by her doctors that the tumor will continue to grow and she will likely require additional surgery.

10.

The standard of care was clearly breached in this case as the medical staff at Mallory CHC failed to properly evaluate, diagnose and treat the plaintiff. As a result of the negligence by the medical staff at Mallory CHC, Plaintiff Surreckle Anderson experienced and continues to experience extensive pain and suffering as a consequence of the deviation by the defendants from the standard of care.

11.

Defendants' actions and inactions caused serious and permanent injuries to the plaintiff. As a result of the foregoing, Plaintiff Anderson suffered and will continue to suffer from mental and physical trauma, injury, pain and suffering. Also, as a result of the foregoing Plaintiff experienced incidental loss such as loss of income and loss of earning capacity.

12.

At all materials times, Defendants and/or its agents, servants, representatives, employees, and/or independent contractors failed to maintain and/or utilize any and all proper procedures for the diagnosis and treatment of a patient.

13.

At all material times, Defendants and/or its agents, servants, representatives, employees, and/or independent contractors negligently failed to evaluate, diagnose, manage, monitor and appropriately provide adequate healthcare services to Plaintiff Surreckle Anderson.

14.

Negligence or a deviation from the standard of care on the part of the staff of Dr. Arenia C. Mallory Community Health Center, Inc. led to a failure to provide proper evaluation, diagnosis, care, supervision or a response to the exigent circumstances created in connection with the treatment of Plaintiff Surreckle Anderson. This negligence and/or deviation from the medical standard of care caused or contributed to the injuries suffered by the plaintiff.

15.

The Defendant U. S. Department of Health and Human Services and/or its agents, servants, representatives, employees, and/or independent contractors were negligent and breached its standard of care to the plaintiff in that it failed to properly evaluate, diagnose, treat and provide followup care to Plaintiff Surreckle Anderson.

16.

At all times relevant hereto, Defendants undertook a contractual and professional obligation to render medical care, treatment and supervision to Plaintiff Anderson in conformity with the standard of care applicable to Defendants and/or their agents, servants, representatives, employees, and/or independent contractors. Additionally, the defendants and/or their agents, servants, representatives, employees, and/or independent contractors had a non-delegatable duty to treat their patients with such reasonable medical skill, competence, judgment and prudence as are practiced by reasonable prudent and minimally competent hospital and medical care providers throughout the state and country who have available to them the same general facilities, services, equipment and options.

17.

At all relevant times, the Department of Health and Human Services operated, controlled

and supervised the activities of all individuals charged with the care of Plaintiff Surreckle Anderson as averred herein, and had a duty to assure their compliance with federal and state statutes, regulations, and standards of care.

18.

Said duty was breached by the defendants when the defendants failed to properly evaluate, diagnose, treat and care for the plaintiff, Surreckle Anderson, so as to minimize plaintiff's risks of loss. The defendants violated the reasonable standard of care applicable under the circumstances, and thereby, proximately caused the damages outlined below.

DAMAGES

19.

As a direct and proximate result of the defendants' negligence, the plaintiff suffered serious and permanent bodily injury and resulting pain and suffering, mental anguish, disfigurement, loss of enjoyment of life, emotional distress, medical care and treatment expenses, loss of consortium, society, services, companionship, support and relationship.

20.

Defendants' negligent acts and omissions were grossly negligent and/or in reckless disregard for the plaintiff. Said negligent acts and omissions caused the damages and injuries suffered by the plaintiff. Therefore, the plaintiff is entitled to an award of punitive damages against the defendants.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, in an amount sufficient to compensate the plaintiff for all damages to which she is entitled, including, but not limited to: compensatory damages for her past and future physical, mental and emotional pain and suffering, for past and future medical expenses, loss of enjoyment

of life, loss of consortium, society, services, companionship, support and relationship, disfigurement, severe and permanent disability, past and future emotional distress, and for punitive damages, together with all costs incurred herein. Plaintiff also demands a trial by jury.

Plaintiff further prays for all other relief to which she may be entitled.

THIS, the 20th day of July 2012.

Respectfully submitted,
SURRECKLE ANDERSON
Plaintiff

By: *Lydia R. Blackmon*

**LYDIA ROBERTA BLACKMON**
Attorney and Counselor at Law, #8650
P.O. Box 505
Lexington, Mississippi 39095
866-300-7414 - Telephone
855-604-7220 - Facsimile
Attorney for Plaintiff